UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

CHRISTOPHER BURNELL THOMPSON,

        Plaintiff,                Case No. 1:11-cv-479

v.                                     Honorable Janet T. Neff

DODGE D350 1986 et al.,

        Defendants.
_____/

## **OPINION**

This is a civil action brought by a state prisoner. The action purports to be an international commercial complaint, subject to maritime and admiralty law and governed by the U.C.C. Plaintiff alleges that the proceeding is both *in rem* and *in personam*. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous and for failure to state a claim.

**Factual Allegations**

Christopher Burnell Thompson presently is incarcerated at the Parnall Correctional Facility. He names as Defendants in the action a lengthy list of personal property, including automobiles, automobile parts, tools, and household items. He also names the following people and municipalities as Defendants: Michelle Weiers; Sally Thompson; Russell Stevens; Robert Wilber; Mecosta County; Mecosta County Detective Drew Neilsen; Mecosta County Sheriff Todd Purcell, and an unknown surety bond insurance company.

Plaintiff purports to invoke the admiralty jurisdiction of this Court. He also asserts jurisdiction over his claims under 28 U.S.C. § 1332, alleging diversity of citizenship. He describes himself as the "libelant" in the action, which he defines as "Christopher Burnell Thompson / a living flesh and blood actual man / non legal fiction / creditor and secured party / injured party / Libelant / American national / in and for Himself." (Compl. at 5, Page ID#5.) Plaintiff alleges that he was unlawfully incarcerated under his name written in capital letters, which is "an artificial and fictitious name" and an "organization."

Plaintiff alleges that the instant action arises out of a civil case filed by Plaintiff in Mecosta County against Defendants Weiers, Wilber, Stevens. Apparently, a bench trial was held in the matter on February 2, 2010. Plaintiff was a prisoner at the time of the civil trial, and he complains that the presiding judge, who is not a named Defendant in this action, improperly practiced law, subjected him to threat, duress and coercion, and kept him shackled during trial. Plaintiff contends that, after he was sent to prison, Defendants Weiers, Wilber, Stevens and Thompson assumed possession over his property and exercised rights of ownership by selling or otherwise disposing of the property, in violation of his commercial and contractual rights.

In his complaint, Plaintiff raises a series of state-law claims.  First, he alleges that Defendant Thompson tortiously interfered with Plaintiff's rental lease contract with Defendant Weiers.  Second, he alleges that Defendants Thompson, Weiers, Stevens, and Wilber committed the common-law tort of conversion by exercising the right to control Plaintiff's personal property.  Third, he alleges that the same Defendants committed statutory conversion under MICH. COMP. LAWS § 600.2919a.  Fourth, he alleges that Defendants Detective Neilsen and Sheriff Purcell were accessories after the fact to conversion when they failed to investigate Plaintiff's criminal complaints about Defendants Weiers, Stevens, Wilber and Thompson.  Fifth, he complains that Defendants Neilsen and Purcell breached their duties to protect by refusing to investigate Plaintiff's complaints.  Sixth, he alleges that Defendant Neilsen conspired with Defendant Purcell to obstruct justice by failing to perform an independent investigation of Plaintiff's complaint, ostensibly in violation of the Michigan Constitution.  Seventh, Plaintiff asserts that Defendant Neilsen conspired to commit misconduct in office by refusing to properly investigate Plaintiff's complaints.  Plaintiff also alleges that Judge Scott Hill-Kennedy, who is not listed as a Defendant in the action, improperly tried Plaintiff's civil case, violated his oath of office, was deliberately indifferent to the damage to Plaintiff's case caused by shackling, was biased in his decisionmaking, conspired with Defendants Neilsen and Purcell to oppress Plaintiff and impede justice, and was an accessory after the fact to conversion. Plaintiff contends that Hill-Kennedy's violations of his oath of office amount to treason punishable by death.  Finally, Plaintiff contends that Mecosta County, through its employees, committed the tort of intentional infliction of emotional distress.

**Discussion**

I.    Frivolous Claims

    **A.    Admiralty**

Plaintiff asserts that this Court has jurisdiction over his complaint under its admiralty and maritime jurisdiction conferred by 28 U.S.C. §§ 1333, 1337, and 2461. An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court cannot discern any possible claim against any Defendant over which this Court could exercise its admiralty or maritime jurisdiction. Thus, to the extent that Plaintiff asserts jurisdiction under admiralty, the complaint will be dismissed as frivolous.

    **B.    Diversity of Citizenship**

Plaintiff next asserts that the Court has jurisdiction to hear his state-law claims under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $75,000.00 and the case is between citizens of different states or between citizens of a state and foreign nationals or sovereigns. Here, Plaintiff alleges that he is an "American National" who resides in the Western District of Michigan and that each of the named Defendants are United States citizens who reside in the Western District of Michigan. (Compl., docket #1, Page ID#2.) In a convoluted and legally frivolous series of propositions, Plaintiff asserts that he is a citizen of the Republic of Michigan, where he admittedly was born, though he declares

that he is not a citizen of the United States. Plaintiff has signed a "Declaration of Allegiance to the Michigan Republic," in which he states that he is not a party to the United States Constitution and that his United States citizenship would conflict with his allegiance to the Republic of Michigan (*Id.*, Page ID#27.) It therefore appears that Plaintiff intends to assert diversity of citizenship based on the notion that he is a foreign national who is suing United States citizens who are residents of the State of Michigan.

Notwithstanding Plaintiff's legally frivolous Declaration of Allegiance to the Michigan Republic and his assertion that he is not subject to the United States Constitution, Plaintiff became a United States citizen by operation of law at the time of his birth. *See* U.S. CONST. amend. 14, sec. 1, cl. 1 ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."). As a consequence, because Plaintiff is a United States citizen and a Michigan resident, as are all Defendants, the Court lacks diversity jurisdiction to consider Plaintiff's state-law claims.

II.     Failure to State a Claim

Although Plaintiff does not purport to bring his action under 42 U.S.C. § 1983, the Court must construe his petition indulgently. *Haines*, 404 U.S. at 520. The Court therefore will consider whether Plaintiff's complaint states a claim under § 1983.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. State-law claims

Plaintiff's complaint is limited to seven state-law claims against the named Defendants. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983.

### B. Private individuals

Even assuming that Plaintiff could identify a violation of federal law, he fails to state a claim against Defendants Weiers, Thompson, Stevens and Wilber, the four private citizens named as the principals in the alleged conversion of Plaintiff's property. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which these Defendants' conduct could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Defendants Weiers, Thompson, Stevens and Wilber.

### C. Failure to investigate

Plaintiff's allegations against Defendants Neilsen and Purcell involve their alleged refusal or failure to conduct an adequate investigation of the ostensibly criminal acts of Defendants Weiers, Thompson, Stevens and Wilber in disposing of Plaintiff's property. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v.*

*Charles*, 476 U.S. 54, 63 (1986). The law is equally clear that there exists no "'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990)). "Such 'discretionary public duties . . . are enforced by public opinion, policy, and the ballot,' not litigation against individual officers and their civic employers." *Id.*; *see also Sattler v. Johnson*, 857 F.2d 224, 226 (4th Cir. 1988) (individual did not have a constitutional right under the Equal Protection Clause to be presented with information to enable a civil suit or to have a crime prosecuted); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). As a consequence, Plaintiff fails to state a federal claim against Defendants Neilsen and Purcell.

### D. Municipal liability

Plaintiff names Mecosta County as a Defendant in this action. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the

constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.  It is the Court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue.  *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).  Plaintiff's complaint fails entirely to allege that he was harmed by a policy or custom of Mecosta County.  He therefore fails to state a municipal liability claim under § 1983.

### E.     Unknown Insurance Company

Plaintiff seeks treble damages from the unknown insurance company that issued the surety bonds for Defendants Neilsen and Purcell.  Inasmuch as Plaintiff fails to state a claim against Neilsen and Purcell, he is not entitled to recover damages from any bonding company.

### F.     Supplemental Jurisdiction

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."  *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  Where, as here, a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998).  Accordingly, Plaintiff's state-law claims are dismissed without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   June 14, 2011              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge